UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL CASTRO | CIVIL ACTION |
| VERSUS | NO: 24-1158 |
| KENNER GARDENS HOSPITALITY, LLC | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 22)** filed by the defendant, Kenner Gardens Hospitality, LLC. The plaintiff, Daniel Castro, opposes the motion. The motion, submitted for consideration on February 4, 2026, is before the Court on the briefs without oral argument.

The defendant, Kenner Gardens Hospitality, LLC, is the owner and operator of a hotel located on Williams Boulevard in Kenner, Louisiana. The plaintiff, Daniel Castro, was staying at the hotel on February 20, 2023, when he slipped and fell while exiting the hotel's only elevator. Castro contends that he sustained serious injuries in the fall that required over $140,000 in medical treatment including emergency surgery. Photographs taken immediately after the incident and made part of the summary judgment record, confirm that the floor of the elevator had a significant amount of what appears to be water. Castro has surmised that perhaps another guest had been using the pool and entered the elevator while dripping wet.[1]

---

[1] In its briefing Defendant has characterized the water in the elevator as a "puddle," which Castro believes is somewhat of an understatement. The post-incident pictures do suggest that a significant amount of water was on the elevator floor.

1

A nonjury trial is scheduled for March 30, 2026. (Rec. Doc. 13, Scheduling Order).

Defendant now moves for summary judgment contending that Castro cannot prove that the water created an unreasonable risk of harm because it was open and obvious, and second that Defendant had actual or constructive knowledge of the water in the elevator. Defendant asserts that these are essential elements of Castro's claim, and given that he cannot prove them, Defendant is entitled to judgment as a matter of law.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

2

for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Under the duty/risk analysis applicable to this case, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); (5) proof of actual damages (the damages element). *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023) (citing *Malta v. Herbert S. Hiller Corp.*, 333 So. 3d 384, 395 (La. 2021)). The owner of property has a duty to keep the premises in a reasonably safe condition, and to discover any unreasonably dangerous condition on the premises. *Id.* at 473-74. He must either correct the condition or warn potential victims of its existence. *Id.* When determining whether that duty has been breached, the likelihood and magnitude of harm, including the obviousness and apparentness of the condition, is a factor to be considered. *Id.* at 474 (citing *Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 856 (La. 2014)).

The first question that the Court considers is whether the open and obvious aspect of the water in the elevator forecloses as a matter of law the finding that it presented an unreasonable risk of harm. Castro knew that the water was on the floor of the elevator. He first encountered it when he returned to the hotel for the evening and called the elevator to go up to his room. Castro did not fall in the water at that time and he did not report the water to the hotel's staff. Later that same evening Castro decided to leave his room to go downstairs to smoke a cigarette. When the elevator door opened Castro noticed that the water was still on the elevator floor yet he safely entered the elevator and rode it to the lobby. Castro fell when the elevator door opened to the lobby and he attempted to exit the elevator.

The water was not located in a corner in the far reaches of the lobby. An elevator is a highly traversed area where guests of the hotel would be likely to encounter a potential hazard. In fact, the elevator that Castro was using was the only elevator available to guests so Castro had no choice but to use it. Whether a hazard is open and obvious is relevant because the more obvious a risk the less likely it will be to cause injury because it will be avoided. *Farrell*, 359 So. 2d at 474. It is therefore noteworthy that even having twice avoided falling in the water, and having undisputable knowledge that the water was present, Castro fell nevertheless. The Court is persuaded that contrary to Defendant's position, Castro's knowledge of the hazard does not as a matter of law bar his claim but rather goes to the issue of contributory fault. Knowing that the water was present Castro either failed to exercise ordinary prudence, or he did exercise ordinary prudence and due to no fault of his own fell nonetheless. The Court cannot determine which at this juncture.

The second question that the Court considers is whether Castro cannot prove that Defendant had actual or constructive knowledge of the water in the elevator. Naturally Castro has no way of knowing how long the water had already been on the elevator floor when he encountered it the first time and successfully avoided falling down. Castro estimates that he was in his room for approximately 30 to 50 minutes before returning to the elevator to go back downstairs and encountered the water once again when he fell. (Rec. Doc. 23-2, Castro Affidavit ¶ 8). The hotel's general manager, Harvey Mansour, asserts that no other guest reported the water in the elevator.[2] (Rec. Doc. 22-4, Mansour Declaration ¶ 9). The general manager produced a long list of duties for the lobby attendant to complete but the form is unsigned and Mansour makes no attempt to explain who was performing those duties on the evening of Castro's accident, if anyone. In fact, it seems rather clear that if someone had been performing those duties on the evening of Castro's accident then the water in the elevator would have been discovered and removed before Castro came back down to the lobby for the second time. Given that the water was so open and obvious, and given the length of time that the water was allowed to remain on the floor of the only guest elevator in the hotel, the Court is persuaded that Castro has created an issue of fact as to whether Defendant had constructive notice of the hazard.

In sum, Defendant is not entitled to judgment as a matter of law.

---

[2] Mansour declares that the facts in his declaration are based on personal knowledge but he does not lay a proper foundation for that assertion. For instance, nothing in Mansour's declaration suggests that he was present at the hotel on the evening of Castro's fall so as to be able to state based on his personal knowledge that no one else had mentioned the water to any staff member of the hotel. In fact, Mansour does not even explain what staff was on duty that night other than the young lady working at the front desk.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 22)** filed by the defendant, Kenner Gardens Hospitality, LLC, is **DENIED**.

February 13, 2026

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE